IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MYRON ANDERSON**  **PLAINTIFF**
**ADC #123288**

V.  NO. 4:22-cv-00085-LPR-ERE

**JAMES SHIPMAN and**
**JAMES GIBSON**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Background

Plaintiff Myron Anderson, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* He sues James Shipman, Deputy Warden of the Varner Supermax Unit, and James Gibson, Warden

of the Varner Unit, alleging that they: (1) violated the Double Jeopardy Clause by assigning him to restrictive housing after he was acquitted of several disciplinary charges; and (2) violated the Due Process Clause by holding him in restrictive housing for approximately 730 days. Mr. Anderson's claims should be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.[1]

### III. Discussion

#### A. Standard

Because Mr. Anderson is a prisoner seeking relief from a governmental entity or employee, the Court is obligated by statute to screen his complaint before the case can proceed. See 28 U.S.C. § 1915A.[2]

---

[1] In addition to claiming that Defendants violated his constitutional rights, Mr. Anderson alleges that Defendants "falsely imprisoned" him in restrictive housing. To the extent that Mr. Anderson asserts a claim for false imprisonment under state tort law, the Court should decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3). See *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished without due process of law.'" (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (internal quotation omitted))).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

B.   **Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision protects a criminal defendant against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

On January 15, 2020, after a hearing, an ADC classification committee assigned Mr. Anderson to restrictive housing. *Doc. 2 at 5-6*. Mr. Anderson submitted a grievance complaining about this assignment, and the warden responded: "You are correctly assigned . . . commensurate [with] your current status at this time." You

will be reviewed and considered for release on your 60[-]day review." *Doc 2 at 15*. Mr. Anderson contends the decision to assign him to restrictive housing violated the Double Jeopardy Clause because on January 8, 2020, prison officials found him not guilty of violating prison rules.

Other than temporal proximity, Mr. Anderson's allegations supply no causal connection between his January 8 acquittal of a disciplinary violation and his January 15 housing assignment. Even assuming such a connection, Mr. Anderson's claim fails. The Double Jeopardy Clause is applicable to proceedings that are "essentially criminal" in nature, *Breed v. Jones*, 421 U.S. 519, 528 (1975), and prison disciplinary proceedings, which are not part of a criminal prosecution, do not trigger double jeopardy protections. *Kerns v. Parratt*, 672 F.2d 690, 691–92 (8th Cir. 1982) (holding prison disciplinary proceedings implicate due process protections but "do not place an offender in jeopardy for purposes of the double jeopardy clause"); see also *Matter of Caranchini*, 160 F.3d 420, 423 (8th Cir. 1998) (citing *Mississippi State Bar v. Young*, 509 So.2d 210, 214 n. 1 (Miss. 1987)) ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections"). Mr. Anderson fails to state a plausible double jeopardy claim.

### C. Due Process

The Eighth Circuit has repeatedly held that restrictive housing or

administrative segregation, even without cause, does not by itself amount to a deprivation of liberty that triggers due process protections. See *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Instead, a prisoner must first show that his segregation "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).

Only if a liberty interest is established does it become necessary to consider what is necessary to protect that interest. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). The Eighth Circuit has held that for an "ad seg inmate," due process requires meaningful, periodic review of an inmate's placement, at 60-day intervals, and annual meetings with the warden.

Mr. Anderson alleges that he was assigned to restrictive housing for approximately 730 days and that his segregation was "without probable cause" because he had been "found not guilty and acquitted of the offenses . . . ." *Doc. 2 at 6*. In determining whether Mr. Anderson's allegations invoke a liberty interest, neither the reason for his segregation nor the procedures employed to segregate him are important. *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010). The focus is whether the conditions of his segregated confinement, compared to the conditions of ordinary prison life, imposed a significant and atypical hardship.

Mr. Anderson alleges no facts showing that the conditions of his restrictive housing, compared to conditions in the general population, amounted to an atypical and significant hardship. He only alleges that his segregation lasted "about 730 days," or approximately twenty-four months. The duration of Mr. Anderson's segregation, without more, is insufficient to demonstrate an atypical and significant hardship. See *Rahman X v. Morgan,* 300 F.3d 970, 973–74 (8th Cir. 2002) (finding twenty-six months of segregation "substantial" but not necessarily an atypical and significant hardship in relation to the ordinary incidents of prison life); see also *Williams v. Norris*, 277 F. App'x 647, 648 (8th Cir. 2008) (considering the "particular restrictions imposed[,]" twelve years in administrative segregation constituted an atypical and significant hardship); *Loving v. Roy*, No. 12-cv-441, 2013 WL 4734017 at *7 (D. Minn. Sept. 3, 2013), *aff'd*, 573 Fed. App'x. 607 (8th Cir. Jul. 25, 2014) (finding twenty-three months in administrative segregation, without more, not an atypical and significant hardship triggering due process rights).

Even assuming Mr. Anderson had a protected liberty interest based solely on the duration of his segregation, his allegations fail to demonstrate that Defendants denied him meaningful, periodic review of his placement. To the contrary, the grievance papers attached to his complaint indicate that he received such review. *Doc. 2 at 11, 14*. Thus, viewing Mr. Anderson's allegations most favorably to him, he fails to state a plausible due process claim.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Anderson's § 1983 claims, over which the Court has original jurisdiction, be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim.

2. Pursuant to 28 U.S.C. § 1367(c)(3),[3] the Court decline to exercise supplemental jurisdiction over Mr. Anderson's state law claim for false imprisonment and dismiss the claim without prejudice.

3. The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be instructed to close this case.

DATED this 9th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."